UNITED STATES DISTRICT FOR THE DISTRICT OF COLUMBIA

DOCTOR WALTER R. KARPINIA, 1355 SW Kammer Hwy. Stuart, Florida, 3349 and others similarly situated,

Plaintiff,

v.

American Association of Medical Doctors, 2450N. St., NW, Washington, DC 20037 and the National Resident the Matching Program St., 2121 K Street, Washington, DC 20037 and the Educational Commission for Foreign Medical Graduates, 3624 Market Street, Philadelphia, PA 19104, and Dr. Emmanuel Cassimatis,3624 Market Street, Philadelphia, PA  19014 and also listed 4301  Jones Bridge Road, Suite A1008, Bethesda, MD. 20814

Defendants.

1. Plaintiff is a citizen of the United States and a resident of the State of Florida. He was born on May 16, 1960. He joined the U. S. Air Force and was discharged under Honorable Conditions.

2. Defendants the Association of American Medical Colleges (AAMC), and the National Resident Matching Program (NRMP) are incorporated entities who have their headquarters in the District of Columbia.

3. This Court has jurisdiction in this Court because Defendants denied Plaintiff relief because the Defendants denied Plaintiff his rights under the Age Discrimination in Employment Act, 29 U.S.C. 621-634 and under the Human Rights Act of the District of Columbia Code 2-1402, and under the Sherman Anti-Trust Act, 15 U.S.C. 1, and under the Immigration law of the United States, 8 U. S. C 1182 and the lawful Regulations of the Equal Employment Opportunity Commission, 29 C.F.R. 655.705.

4. Venue in this Court is appropriate because the Federal laws and the Human Rights Act of D.C. prohibit the conduct of the Defendants described below.

5. The three Defendant Corporations are professional associations that are owned by many other doctors who work for hospitals or on the faculties of Medical Schools in the United States and Canada and Medical corporations which are owned directly or indirectly by organizations of Medical Doctors.  At the times set forth below, the first two listed Defendants administrated the Medical College

6. The Medical College Admission Test (AMCAT) is administered several times a year.

7. Plaintiff  filed application for admission to the University of Florida  and he took and passed the AMCAT in 2007.  He took the AMCAT and he earned a score of 29 or 28 which was significantly better than the average score for other Resident Doctors who took the test.

8. All or the great majority of the Resident Doctors who took and Passed were granted an interview by the Doctors in Florida who were on the Admissions Committee. Plaintiff was not granted an interview by any member of that Committee.

9. Plaintiff visited the office of a member of the Admissions Committee of the University of Florida Medical College and asked that member of the Medical College for an assessment of his chances of being selected. That member said to him "you are too old to be a Doctor."

10. Each of the three organizations who are Defendants are Owned by accredited medical schools in the United States and Canada, and by approximately 375 major teaching hospitals and systems. See Paul Yung. MD v. AAMC, 390 F.3rd 119, 160 (DDC 2004).

11. Defendant Dr. Cassimatis is a Medical Doctor and he is qualified Doctor.  In 2012 he certified Plaintiff as qualified to be a doctor.  Defendant Cassimatis was the chief executive officer when he signed the Certificate stating that Plaintiff Resident Doctor Karpinia is qualified to complete his education and training has last two years of his performance as a qualified Medical Doctor and to be granted or physician in Florida and elsewhere in the United States.  (?)

12. When the MATCH is completed there is a flow of information to such as quota change forms, Resident biographic data, updates of institutional data, visa and sponsorship data sent to the headquarters of the Defendants AAMC and NRMP in the District of Columbia. of Columbia.

13. In 2007 the first year Resident Doctors were paid more than $50,000 a year with higher pay __ year and the starting salary or stipend  was increased each year.

14. In  that year the Resident Doctors who completed their residents received about $170,000 from the Veteran's Health Administration Hospital.

15. The conduct of the Defendants has caused an great  amount of loss of earnings to the Plaintiff has been coupled with the emotional loss of failing to have the right to perform the work of Physician has compounded the loss to Plaintiff resulting from the

Defendants' discharge of the Plaintiff from the doctor position.

16. Defendants are paid sponsorship fees every year for every Resident Doctor who is not a Citizen but the Defendants are not paid any fees for Resident Doctors who are citizens of the United States. Such Conduct discriminates against citizens and in favor of aliens and is unlawful under the Immigration Law, 8 U.S.C. 1182.

17. At least after 2003 Physicians are employees under the ADEA and under the Human Rights the Human Rights Act. Clackamas Gastroenterology Association, v. Wells, 538 U.S. 440, 538 U.S. 440 (2003).

18. Plaintiff will seek class certification of his claims under the ADEA and the Human Rights Act, and under the Human Rights Act of the District of Columbia unless the Defendants that the harm caused by the age discrimination unless the Defendants can prove that that prove that their decision to bar him for practicing medicine as a Doctor of Medicine because he was more than 45 years old is unlawful

19. Under the ADEA and the Human Rights Act, discrimination against older Doctors Is unlawful (See No. 10) to the Plaintiff that "You are too old be a Doctor" shows that at least one member of the admissions committee in Florida based his view that Plaintiff's age was "too old to be a doctor" and the failure and refusal to have the admissions committee to interview him and assess his qualifications indicated that age was the primary factor in the Commitees' refusal to interview him.

## CONCLUSION

This Court should grant a Judgment and an Injunction prohibiting the Defendants from using any selection process that has an adverse impact against Candidates who are over 45 unless than can show that the Practice or conduct has been shown to

be valid in predicting better performance and that such a practice is required by business necessity and that there is no other method of selection that does not have an adverse impact against older candidates than younger candidates.

_____

Attorney David L. Rose, DC Bar  Membership No. 376379,

Respectfully Submitted,

    4611 Norwood Drive, Chevy Chase, MD 20815